# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JULIAN T. STEELE,

               Petitioner,          :     Case No. 1:15-cv-349

     - vs -                             District Judge Michael R. Barrett
                                          Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
 London Correctional Institution,

                                 :

               Respondent.

# REPORT AND RECOMMENDATIONS

In this habeas corpus case, Julian Steele seeks relief under 28 U.S.C. § 2254 from his

conviction on charges of abduction and intimidation in the Hamilton County Court of Common

Pleas.

Steele, represented by counsel, pleads the following grounds for relief:

> **GROUND ONE:** The Abduction Convictions Violated The Due
> Process Clause Of The Fifth And Fourteenth Amendment Of The
> U.S. Constitution Because There Was Insufficient Evidence To
> Establish Each And Every Element Of The Offense Of Abduction
> Pursuant To O.R.C. § 2905.02 Beyond A Reasonable Doubt.
>
> **GROUND TWO:** The Abduction Convictions Pursuant To O.R.C.
> § 2905.02 Violated The Due Process Clause Of The Fifth And
> Fourteenth Amendment Of The U.S. Constitution Because It Was
> Against The Manifest Weight Of The Evidence.
>
> **GROUND THREE:** The Abduction Convictions Violated The
> Due Process Clause Of The Fifth And Fourteenth Amendment Of
> The U.S. Constitution Because The Offense Of Intimidation
> Pursuant To O.R.C. § 2905.02 Does Not Apply To Police Officers
> In The Performance Of Their Duties As Police Officers.

1

**GROUND FOUR:** The Intimidation Conviction Violated The Due Process Clause Of The Fifth And Fourteenth Amendment Of The U.S. Constitution Because There Was Insufficient Evidence To Establish Each And Every Element Of The Offense Of Intimidation Pursuant To O.R.C. § 2921.03 Beyond A Reasonable Doubt.

**GROUND FIVE:** The Intimidation Conviction Violated The Due Process Clause Of The Fifth And Fourteenth Amendment Of The U.S. Constitution Because The Intimidation Conviction Was Against The Manifest Weight Of The Evidence.

**GROUND SIX:** The Intimidation Conviction Violated The Due Process Clause Of The Fifth And Fourteenth Amendment Of The U.S. Constitution Because The Offense Of Intimidation Pursuant To O.R.C. §2921.03 Does Not Apply To Police Officers In The Performance Of Their Duties As Police Officers.

**GROUND SEVEN:** The Trial Court Abused Its Discretion In Denying The Motion For Mistrial When The Court Allowed The State To Impeach Its Own Witness And Did Not Give The Defense An Opportunity To Re-Cross The Witness After Impeachment.

**GROUND EIGHT:** The Trial Court Violated The Due Process And Confrontation Clauses Of The Constitution For Allowing The State's Witness To Testify To New Matters On Redirect And Not Allowing Steele To Cross-Examine The Witness On Those New Matter [sic].

**GROUND NINE:** The Convictions Were Obtained In Violation Of The Sixth Amendment Of The U.S. Constitution Because There Was Ineffective Assistance Of Trial Counsel.

**GROUND TEN:** The Abduction Convictions Violate The Due Process Clause Of The U.S. Constitutions Because The Appellate Court Retroactively Applied The Ohio Supreme Court's Judicially Created Law That Police Officers Are Guilty Of Abduction "When A Reasonable Police Officer Would Know There Is No Probable Cause Supporting The Detention, No Matter How Brief."

(Petition, ECF No. 1, PageID 8-12.)

Magistrate Judge Bowman ordered an answer in the case and provided that Petitioner could file a reply under Habeas Rule 5 not later than twenty-one days after answer (Order, ECF

No. 2, PageID 17).  The Warden filed his Return of Writ on August 7, 2015 (ECF No. 4), making the reply due August 28, 2015.  No reply was filed, so the case became ripe for decision on August 28, 2015.  It was transferred to the undersigned on May 2, 2016.

# ANALYSIS

**Ground One:  Insufficient Evidence of Abduction**

In his First Ground for Relief, Steele asserts his convictions for abduction are unconstitutional because they are not supported by sufficient evidence.  The Warden defends this claim on the merits.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship,* 397 U.S. 358 (1970); *Johnson v. Coyle,* 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship,* 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006);

3

*United States v. Somerset,* 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard,* 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012). Notably, "a court may

sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v.*

*Wolfenbarger*, 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(per curiam).

The First District Court of Appeals considered this claim on the merits on direct appeal

and held as follows:

> Steele first challenges the sufficiency of the evidence in support of his abduction convictions under R.C. 2905.02(A)(1) and 2905.02(A)(2), respectively.  The Ohio Supreme Court implicitly overruled Steele's sufficiency argument in *State v. Steele,* 2013-Ohio-2470 (June 18, 2013).  As it pertains to the R.C. 2905.02(A)(1) charge, the court determined that Steele had taken R.M. into custody when he took the child from school, in handcuffs, and transported him to a police station in "the caged back seat of a police cruiser." *Id*. at ¶ 4. The court further determined that "there is nothing in the record to support the proposition that Steele had anything even approaching probable cause to arrest when he took • • • [RM.] out of school in handcuffs." *Id*. at ¶ 35. Thus, we are compelled to conclude that there was sufficient evidence to support Steele's conviction for abduction under R.C. 2905.02(A)(1). See *State v. Jenks* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

*State v. Steele,* Case No. 100637 (1st Dist. Dec. 13, 2013)(unreported, copy at ECF No. 3,

PageID 307-08.) In his Petition, Steele makes no argument as to why this decision of the First District is an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979) and he has filed no reply at all. The First Ground for Relief should therefore be dismissed.

**Ground Two: Abduction Conviction Against the Manifest Weight of the Evidence**

A claim that a conviction is against the manifest weight of the evidence does not state a claim cognizable in habeas corpus because it does not state a claim arising under the United States Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

**Ground Three: The Offense of Intimidation Does Not Apply to Police Officers**

In his Third Ground for Relief, Steele argues that the offense on intimidation as defined in Ohio Revised Code § 2905.02 does not apply to Ohio police officers in the performance of their duties in that office.

Respondent argues this claim is procedurally defaulted because it was presented to the Ohio courts purely as a matter of state law and not as matter of federal constitutional law (Return, ECF No. 4, PageID 485).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other

grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).  Because Steele did not present this claim to the Ohio courts as a constitutional claim, the warden's procedural default defense is well taken.

Ground Three also fails to state a claim upon which relief can be granted.  In this case the Ohio courts interpreted the relevant Ohio statues as being fully applicable to Ohio police officers and this Court is bound by that interpretation.  Steele points to no United States Supreme Court case law making conduct of the sort engaged in by Steele to be constitutionally protected from criminal prosecution.


**Ground Four:  Insufficient Evidence of Intimidation**


In his Fourth Ground for Relief, Steele asserts his intimidation conviction is supported by insufficient evidence.  The First District overruled this portion of Steele's First Assignment of Error, holding

> In regard to the R.C. 2905.02(A)(2) charge, the Supreme Court determined that Steele had knowingly coerced a false confession from R.M and that Steele had used the confession to form the basis for a criminal complaint that culminated with R.M. being placed in a juvenile detention facility. And R.M. testified that he was fearful at the time. This was sufficient evidence to sustain a conviction for the R.C. 2905.02(A)(2) charge. See id. Based on the Supreme Court's decision in *Steele*, we overrule Steele's first assignment of error.

*State v. Steele, supra.*  Upon the authority cited on the First Ground for Relief, Ground Four is without merit.

**Ground Five:  Intimidation Conviction Against the Manifest Weight of the Evidence.**

This Ground for Relief fails to state a claim upon which habeas corpus relief can be granted, on the same basis as Ground Two.

**Ground Six:  The Ohio Intimidation Statute Does Not Apply to Police Officers**

This Ground for Relief should be dismissed on the same basis as Ground Three.

**Ground Seven:  Failure to Grant a Mistrial**

In his Seventh Ground for Relief, Steele asserts the trial court abused its discretion when it failed to grant a mistrial after it allowed the State to impeach its own witness and did not allow the defense an opportunity for cross-examination thereafter.

The Warden asserts this claim is procedurally defaulted because it was never presented to the Ohio Supreme Court on the two occasions when Steele sought to appeal to that court.  Steele makes no reply and the record supports the Warden's claim.  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

To the extent Steele presents this claim as an abuse of discretion claim, it is also not cognizable under the Constitution.  Abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

**Ground Eight:  Violation of Confrontation Rights**

In his Eighth Ground for Relief, Steele claims his Confrontation Clause rights were violated when the prosecutor was permitted to examine a witness on re-direct but Steele was not permitted re-cross-examination.  On appeal the First District decided the mistrial claim with this underlying claim as follows:

> In his third assignment of error, Steele argues that the trial court abused its discretion when it failed to declare a mistrial.  Steele asserts that his motion for a mistrial should have been granted because the state impeached its own witness, Police Officer Calvin Mathis, during redirect examination in violation of Evid. R. 607. Steele also claims that a mistrial was warranted because the state introduced new matters during redirect examination and Steele did not have an opportunity for recross-examination on these topics.
>
> Evid.R. 607 provides that "[t]he credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage." Here, on redirect, the state used a transcript of an interview that Mathis had given to an investigator as a means to refresh Mathis's recollection. The content of the interview was not revealed to the jury, and Mathis was not impeached with this prior statement as contemplated by Evid.R. 607.  Further, we find that the scope of redirect examination did not exceed the scope of Mathis's cross-examination.

*State v. Steele, supra.*

Steele presents no argument in the Petition as to why this finding about the scope of the re-direct is not an accurate reflection of what happened in the trial court.  That finding by the court of appeals is, of course, entitled to a presumption of correctness.  In the absence of any rebuttal, there is no showing that Steele's confrontation rights were violated.  The First District's decision is not an objectively unreasonable application of *Crawford v. Washington*, 541 U.S. 36 (2004).

9

**Ground Nine:  Ineffective Assistance of Trial Counsel**

In the Petition Steele argues without citation that he suffered from ineffective assistance of trial counsel in that his attorney (1) failed to object to a jury instruction that "a police officer that makes an arrest without probable cause is guilty of abduction"; (2) failed to make a record of all side bar discussions; (3) failed to object to an instruction that "if an arrest is made in the absence of reasonable suspicion or probable cause it is an element of the offense of abduction"; and (4) failed to move to dismiss the abduction and intimidation counts on the selective prosecution grounds.

The Warden objects that the first two sub-claims are procedurally defaulted because they were never presented to the Ohio Supreme Court (Return, ECF No. 4, PageID 490).  Steele makes no response and the Warden's procedural default defense is therefore well taken.  *O'Sullivan, supra*.

As to the third and fourth sub-claims, the Warden claims they are also defaulted but presents a defense on the merits.  The Court pretermits the procedural defense and considers the merits.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the

> defendant of a fair trial, a trial whose result is reliable. Unless a
> defendant makes both showings, it cannot be said that the
> conviction or death sentence resulted from a breakdown in the
> adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both

deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly
> deferential. . . . A fair assessment of attorney performance requires
> that every effort be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of counsel's challenged
> conduct, and to evaluate the conduct from counsel's perspective at
> the time. Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that
> counsel's conduct falls within a wide range of reasonable
> professional assistance; that is, the defendant must overcome the
> presumption that, under the circumstances, the challenged action
> "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability
> that, but for counsel's unprofessional errors, the result of the
> proceeding would have been different. A reasonable probability is
> a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142

F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz,* 828 F.2d 1177 (6th Cir. 1987).

The First District considered and decided Steele's ineffective assistance of trial counsel

jury instructions claims on the merits, albeit summarily, holding

> In his fifth assignment of error, Steele contends that his trial
> counsel was ineffective. Upon a review of the record, we hold that
> counsel's performance was not deficient and that Steele was
> afforded reasonably competent representation. This assignment of

error is overruled on the authority of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 LEd.2d. 674 (1984), and *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

*State v. Steele, supra*. Counsel's performance is measured by "prevailing professional norms" at the time of the alleged errors. *Strickland, supra,* at 690; *Maryland v. Kulbicki*, 577 U.S. ___, 136 S. Ct. 2, *; 193 L. Ed. 2d 1 (2015); *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997).

Recently the Supreme Court held

> "A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fair-minded jurists could disagree" on the correctness of the state court decision," *Harrington v. Richter,* 562 U.S. 86, 101 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. ___, ___ (2014), slip op. at 4.

> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. ___, ___ (2013), slip op. at 9)(quoting *Strickland v, Washington*, 466 U.S. 668, 690 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." at ___ (slip op. at 1).

*Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149 (2016)(per curiam; unanimous), reversing *Etherton v. Rivard*, 800 F.3d 737 (6th Cir. 2015).

As the Warden notes, the state courts upheld the jury instructions that Steele says should have been objected to. It cannot be ineffective assistance of trial counsel to fail to object when the objection would have been meritless.

**Ground Ten:  Retroactive Application of Judge-made Law**

Steele claims he was deprived of due process of law when the Ohio Supreme Court's decision that an arrest or detention without probable cause can constitute abduction.  The Warden argues this claim is procedurally defaulted because it was never fairly presented to the Ohio courts as a constitutional claim (Return, ECF No. 4, PageID 495).  As noted, Steele failed to file a reply and has thus failed to point to any place where this claim was raised in the Ohio courts.  It is therefore procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 4, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

14