# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JULIAN T. STEELE,

        Petitioner,    :    Case No. 1:15-cv-349

  - vs -        District Judge Michael R. Barrett
        Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
London Correctional Institution,

                      :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 8) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 6). Judge Barrett has recommitted the case for reconsideration in light of the Objections (Recommittal order, ECF No. 9).

The Petition pleads ten grounds for relief, but the Objections relate only to Ground One which reads:

> **GROUND ONE:** The Abduction Convictions Violated The Due Process Clause Of The Fifth And Fourteenth Amendment Of The U.S. Constitution Because There Was Insufficient Evidence To Establish Each And Every Element Of The Offense Of Abduction Pursuant To O.R.C. § 2905.02 Beyond A Reasonable Doubt.

In the Report, the Magistrate Judge noted the two levels of deference that federal habeas courts are required to give to state court findings of sufficiency of the evidence (Report, ECF No.

1

6, PageID 515-17).  Then the Report quoted verbatim the First District Court of Appeals decision on the merits of this claim of insufficiency:

> Steele first challenges the sufficiency of the evidence in support of his abduction convictions under R.C. 2905.02(A)(1) and 2905.02(A)(2), respectively. The Ohio Supreme Court implicitly overruled Steele's sufficiency argument in *State v. Steele,* 2013-Ohio-2470 (June 18, 2013). As it pertains to the R.C. 2905.02(A)(1) charge, the court determined that Steele had taken R.M. into custody when he took the child from school, in handcuffs, and transported him to a police station in "the caged back seat of a police cruiser." Id. at ¶ 4. The court further determined that "there is nothing in the record to support the proposition that Steele had anything even approaching probable cause to arrest when he took • • • [RM.] out of school in handcuffs." Id. at ¶ 35. Thus, we are compelled to conclude that there was sufficient evidence to support Steele's conviction for abduction under R.C. 2905.02(A)(1). See *State v. Jenks* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

(Report, ECF No. 6, PageID 517, quoting *State v. Steele,* Case No. 100637 (1st Dist. Dec. 13, 2013)(unreported, copy at State Court Record, ECF No. 3, PageID 307-08.))  The Report noted further that the Petition had made "no argument as to why this decision of the First District is an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979) . . ." *Id.* at 518.  The Report also noted that Steele, although represented by counsel, had never filed a reply to the Return of Writ. *Id.*

      Now, however, Steele makes a *Jackson* argument in his Objections.  Steele first notes that the First District did not deal with his sufficiency of the evidence of abduction assignment of error the first time that court had the case.  Instead, having granted Steele relief on his Fourth Assignment of Error, it found this First Assignment moot and declined to address it.  *State v. Steele*, 2011-Ohio-5479, ¶ 23, 2011 Ohio App. LEXIS 4543 (1st Dist. Oct. 28, 2011),, citing Ohio R. App. P. 12(A)(1)(c).

      The State of Ohio appealed and the Ohio Supreme Court reversed the appeals court

decision on the Fourth Assignment of Error and "remand[ed] the cause to the First District Court of Appeals for consideration of the additional assignments of error that were mooted by its original holding."  *State v. Steele,* 2013-Ohio-2470, ¶ 38,  138 Ohio St. 3d 1, (2013).

After the First District rendered this opinion, Steele moved for reconsideration.  On the sufficiency of the evidence assignment of error, it wrote:

> Steele first challenges the sufficiency of the evidence in support of his abduction convictions under R.C. 2905.02(A)(1) and 2905.02(A)(2). The Ohio Supreme Court implicitly overruled Steele's sufficiency arguments in *State v. Steele*, Slip Opinion No. 2013-Ohio-2470 (June 18, 2013). As it pertains to the R.C. 2905.02(A)(1) charge, the court determined that Steele had taken R.M. into custody when he took the child from school, in handcuffs, and transported him to a police station in "the caged back seat of a police cruiser." Id. at  4. The court further determined that "there is nothing in the record to support the proposition that Steele had anything even approaching probable cause to arrest when he took•• • [R.M.] out of school in handcuffs." Id. at  35. Thus, we are compelled to conclude that there was sufficient evidence to support Steele's conviction for abduction under R.C. 2905.02(A)(1). See *State v. Jenks* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

*State v. Steele,* Case No. 100637 (1st Dist. Jan. 29, 2014)(unreported, copy at State Court Record, ECF No. 3, PageID 355.)   As will be readily seen, this is a verbatim copy of the original ruling in December 2013 quoted above.  The court then added, as it had in the December decision:

> In regard to the R.C. 2905.02(A)(2) charge, the Supreme Court determined that Steele had knowingly coerced a false confession from R.M., and that Steele had used the confession to form the basis for a criminal complaint that culminated with R.M. being placed in a juvenile detention facility. And R.M. testified that he was fearful at the time. This was sufficient evidence to sustain a conviction for the R.C. 2905.02(A)(2) charge. See id. Based on the Supreme Court's decision in *Steele*, we overrule Steele's first assignment of error.

In his Objections, Steele makes two constitutional claims about this decision.  First of all

3

he asserts the First District committed constitutional error when it "relied on the Ohio Supreme Court decision rather than the trial record when it decided there was sufficient evidence to support the abduction convictions. Its failure to examine the trial record amounted to an objectively unreasonable application of *Jackson v. Virginia*." (Objections, ECF No. 8, PageID 536.)

Secondly, he asserts "the First District's reliance on the Ohio Supreme Court's decision to hold that the evidence was sufficient violated Petitioner's due process rights because he never had the notice nor the opportunity to brief and argue that issue before the Ohio Supreme Court." *Id.* at PageID 537.

Steele cites no authority for the proposition that a state appeals court, considering a *Jackson* issue on remand from a state supreme court, must, as a matter of constitutional law, examine or re-examine the trial court record to decide a sufficiency question. Nothing in *Jackson* prescribes the process that a state appeals court must follow in deciding a sufficiency of the evidence issue. Steele would be entitled to habeas corpus relief on this Objection only if he could show that the First District's application of *Jackson* violated the holding in *Jackson*. In determining whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, a federal court may look only to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71, (2003); *Goodell v. Williams*, 643 F.3d 490 (6th Cir. 2011).

Steele's second constitutional objection is flatly contradicted by the record. After the First District made its decision on reconsideration, Steele could and did appeal to the Ohio Supreme Court (Notice of Appeal, State Court Record, ECF No. 3, PageID 311; Memorandum in

4

Support of Jurisdiction, State Court Record, ECF No. 3, PageID 313-23).  Thus Steele had every opportunity to raise his sufficiency of the evidence claim in the Ohio Supreme Court.

Entirely apart from these two Objections, Steele's actual argument about sufficiency of the evidence is very sketchy.  At the beginning of the Objections, he makes the argument that "the mental state of an offender is part of every criminal offense in Ohio, except those that explicitly impose strict liability."  (Objections, ECF No. 8, PageID 533, citing *State v. Colon,* 118 Ohio St. 3d 26 (2008).[1])  The Objections then proceed to assert that the required *mens rea* for abduction is knowingly and it is not a strict liability offense. *Id.*  at PageID 534.  That assertion is of course well taken – the face of the statute requires proof that the offender acted knowingly.  But Steele makes no argument that record does not support a finding that he acted knowingly.  The Ohio Supreme Court found as a matter of fact that Steele "took R.M. out of school in handcuffs, placed him in an interrogation room, and blatantly intimidated him with dire threats directed at his entire family, including his school-aged siblings."  *Steele*, 2013-Ohio-2470, ¶ 34.  What evidence in the record makes that an unreasonable determination of fact, given the evidence presented?  See 28 U.S.C. § 2254(d)(2).

**Conclusion**

Steele has not established that the Report is contrary to law.  It is therefore again respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be

---

[1] This decision was substantially modified at 119 Ohio St. 3d 204, but not on this point.

objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 6, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).